MORGAN L. KEITH, Plaintiff in Error, *v.* HENRY L. RUCKER *et al.*, Defendants in Error.

### APPEAL FROM COOK.

The Circuit Court has a right to command that an issue shall be formed upon an agreed case, especially so, where the agreed case says that the court shall try the issue formed upon it.

The court has a right to inquire whether an agreed case has been obtained through fraud.

THE decision in this case was made by MORRIS, Judge, at May term, 1854, of the Cook Circuit Court.

The principal question presented by the record in this case is, whether the agreed case therein set out, contained sufficient facts to enable the court below to determine the issue between the parties.

The agreed case admits that Keith was sued by the city of Chicago for a penalty in violating a city ordinance, shows due service of the writs in all the suits, states the justice of the peace before whom the suits were instituted, the return day of the writs, the continuance of said suits on the application of said Keith to a certain day and hour therein named, and the entering judgment in all of said suits for costs of continuance against Keith by the justice, and on the adjourned day of final judgment being entered by the justice against said city. It further states the time executions were issued by the said justice against said Keith in said judgments, their delivery to a constable, the levy by him on Keith's property, the sale thereof, and that the suit then instituted by said Keith was brought against said defendants in trespass to recover the value of said property so sold, and the value of the said property agreed upon by the parties, and judgment was to be entered therefor, if the court should find the defendant guilty of trespass upon the facts above stated.

C. B. HOSMER, for Plaintiff in Error.

WAITE, SHUMWAY and BRACKETT, for Defendants in Error.

CATON, J. After the defendant had filed his pleas, and before they were replied to by the plaintiff, the parties filed an agreed statement of the facts, upon which it was agreed that the court might try the issue between the parties. The court refused to try the cause till the issue should be made up, and entered a rule against the plaintiff to reply to the defendant's pleas. This he

did by filing a replication, which was not only bad, but entirely foreign and frivolous, which the court rejected, and the plaintiff refused to file any further replication, insisting that he had the right to have the case decided upon the agreed state of facts without an issue. But the court, being of a different opinion, dismissed the cause because the plaintiff refused to make up the issue. There can be no doubt that the court was right in its view of the case, and in dismissing it for want of prosecution. The agreement in express terms provided that the court was to try the issue upon the facts as agreed. It contemplated the formation of an issue to be tried before the court should pass upon the case. Until the issue was formed, the court could not tell what was admitted or denied upon the record. In fact, there was nothing to try, so long as the pleas stood unanswered, and especially so long as the parties had agreed to form an issue, the court was quite right in insisting upon one. This point is entirely conclusive to affirm this judgment, although we have no doubt that the court had a right to inquire if the agreement had been obtained by fraud, and, if it so found, to disregard it.

The judgment must be affirmed.

*Judgment affirmed.*